UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81288-CIV-MARRA

IMAGING SCIENCE FOUNDATION, INC.,

Plaintiff,

vs.

JOSEPH J. KANE,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Joseph J. Kane's Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Failure to Join a Necessary Party or in the Alternative Motion to Transfer Pursuant to 28 U.S.C. § 1404 (DE 5). The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

On September 4, 2009, Plaintiff Imaging Science Foundation, Inc. ("Plaintiff") filed a Complaint and asserted personal jurisdiction over Defendant Joseph J. Kane ("Defendant"). The basis for personal jurisdiction is that Defendant has engaged in a business in Florida by virtue of serving as an employee, officer and director of the Plaintiff corporation, thereby obtaining access to Plaintiff's copyrighted material; committing tortious acts in Florida by offering infringing materials for sale within Florida and/or selling infringing materials within Florida; and engaging in substantial activities within Florida. (Compl. ¶ 7.)

According to the Complaint, Defendant is a 50% shareholder of the Plaintiff corporation and non-party Joel Silver is a 50% shareholder of the company (Compl. ¶¶ 5-6.) The Plaintiff

corporation was started in 1994 by Silver and Defendant. Defendant was an employee of the company from 1994 through 1998. (Compl. ¶ 9.) The Complaint alleges that Defendant and Silver created a video product, "Video Essentials," whose copyright is owned by Plaintiff. (Compl. ¶¶ 11-12.) On December 11, 1998, Defendant resigned as an employee, director and officer of Plaintiff, but retained his ownership of shares. (Compl. ¶ 13.) Since Defendant's resignation from the Plaintiff corporation, and without authorization from Plaintiff, Defendant has allegedly reproduced and distributed "Video Essentials" for his own benefit and has reproduced and distributed various derivative works based on "Video Essentials." (Compl. ¶¶ 16-18.) The Complaint alleges one count of copyright infringement.

Defendant moves to dismiss for lack of personal jurisdiction.[1] Defendant claims that long-arm jurisdiction does not apply to acts of a non-resident corporate employee performing acts in his corporate capacity. Defendant further asserts that his only affiliation with Plaintiff has been as a shareholder, which is an inadequate basis upon which to assert long-arm jurisdiction. Additionally, Defendant states that any contacts with Florida have been made by his corporation, and not by him personally. Defendant also claims that his actions do not constitute substantial activity within the state of Florida. Moreover, Defendant contends dismissal is appropriate for failure to join his corporation as a necessary party. Alternatively, Defendant argues that the case should be transferred pursuant to 28 U.S.C. § 1404.

---

[1] On November 16, 2009, the Court granted Plaintiff leave to conduct jurisdictional discovery. (DE 11.)

II. <u>Evidence Relating to Personal Jurisdiction</u>

A. <u>Defendant's Evidence</u>

In support of the motion to dismiss, Defendant submits his declaration. Defendant is a resident of Los Angeles County, California. (Kane Decl. ¶ 2.). He authored a work titled "A Video Standard" in 1988 while doing business as Joe Kane Productions ("JKP"). JKP was a sole proprietorship until it was incorporated in 1999. (Kane Decl. ¶ 3.) In 1993, Defendant commenced a project entitled "A Video Standard, Getting Started," which was later supplemented, and which eventually became "Video Essentials." (Kane Decl. ¶ 4.) JKP obtained a copyright certificate of registration to the Laser Disc version of "Video Essentials" on February 23, 1999. (Kane Decl. ¶ 5; certificate of registration, Ex. 1, attached to Decl.) JKP obtained a copyright certificate of registration to the DVD version of "Video Essentials" on February 26, 1999. (Kane Decl. ¶ 6; certificate of registration, Ex. 2, attached to Decl.) The rights to "Video Essentials," and all prior work, have been assigned to Joe Kane Productions, Inc. (Kane Decl. ¶ 7.) All work performed in the development of "Video Essentials" was done in California. (Kane Decl. ¶ 8.)

Plaintiff was not created until 1994, and Defendant and Mr. Silver formed it with each being a 50% shareholder. (Kane Decl. ¶ 11.) Plaintiff assisted in the marketing and distribution of "Video Essentials" and Mr. Silver received a 20% commission on all sales of "Video Essentials." (Kane Decl. ¶ 12.) "Video Essentials" was also marketed via JKP's website, Videoessentials.com. Since 1996, this website has prominently displayed JKP's claim of copyright ownership to "Video Essentials." (Kane Decl. ¶ 13.) Plaintiff also had a website in existence at this time, which had a link to JKP's website for "Video Essentials." (Kane Decl. ¶

14.)  In addition to promoting JKP products, Plaintiff also promoted competing products to "Video Essentials" on its website subsequent to 1999.  (Kane Decl. ¶ 15.)

Since 1999, Defendant did not make any sales of "Video Essentials" or any of the other products JKP developed. Sales of "Video Essentials," and all subsequent video products, were made through a distributor named DVD International for Joe Kane Productions, Inc., a California corporation. (Kane Decl. ¶ 16.)  On April 13, 2009, Plaintiff was served with a Complaint seeking dissolution of the corporate entity. (Kane Decl. ¶ 17.)   Defendant has been in Florida 14 times in the past ten years, primarily to promote or support products other than "Video Essentials," and in his capacity as an employee of Joe Kane Productions, Inc. (Kane Decl. ¶¶ 18-19.)  Defendant does not reside or own property in Florida. (Kane Decl. ¶ 20.)

### B.  Plaintiff's Evidence[2]

One of the purposes of the Plaintiff corporation is to provide seminars. (Kane Dep. at 12, Ex. A, attached to DE 17.)  Defendant and Mr. Silver split the net profit of the seminars equally. (Kane Dep. at 14.)  A sample invoice sent to a customer on the letterhead of the Plaintiff corporation shows both a Florida and California address appearing on the header and ends with a cordial, "Joe Kane and I look forward to seeing you in Boca Raton." (Feb. 20, 1997 Invoice, Ex. B, attached to DE 17.)   Defendant testified that Mr. Silver would receive a 20% commission for booking Defendant's time. (Kane Dep. at 14.)

With respect to the Videoessentials.com website, an "order now" button is displayed

---

[2] The Court notes that some of the factual assertions made by Plaintiff were unaccompanied by citations to the record.  As a result, the Court did not consider those assertions and will only highlight those statements supported by record evidence.  Even if the Court did consider those statements, they would not establish personal jurisdiction over Defendant.

below each product. (Videoessentials.com website page, Ex. D, attached to DE 17.) A consumer who clicks on the "order now" button is taken to the website of DVD International in which Defendant's business logo, JKP, is displayed. (DVDInternational's website page, Ex. D, attached to DE 17.) Defendant testified that "Video Essentials" was probably sold in Florida, as DVD International would not have limited the sale of that product. (Kane Dep. at 27.) In fact, between 2005 and 2009, 353 copies of the digital "Video Essentials" were sold in Florida. (Jason Rosenfeld Decl. ¶ 5, Ex. E, attached to DE 17.)

In 1998, Defendant resigned as president and director of the Plaintiff corporation, but retained his ownership of the shares in the company.[3] (Silver Decl. ¶ 8.)

---

[3] Other evidence submitted by Plaintiff is as follows: On February 13, 1996, Defendant, on behalf of Plaintiff, executed a licensing agreement between Plaintiff and Image Entertainment in regard to Plaintiff licensing "Video Essentials" to Image Entertainment. Plaintiff would receive $10.00 as a royalty per unit sold and provide Plaintiff with an advance of $100,000.00. On the signature page, in regard to the legal notices pertaining to the licensing agreement, Plaintiff's Boca Raton's address is displayed along with "Attn: Joe Kane." (License Agreement, Ex. C, attached to DE 17.)

On May 11, 1996, Defendant provided Plaintiff with a budget totaling $117,088.67 regarding the production costs of "Video Essentials," three days after Plaintiff received a $100,000.00 advance. (May 11, 1996 fax, Ex. H, attached to DE 17.) On December 3, 1997, Defendant provided Mr. Silver with an incomplete script for "Video Essentials." (Dec. 3, 1997 email, Ex. I, attached to DE 17.) Plaintiff never directly paid royalties to Defendant at any time regarding the sales of "Video Essentials." Rather, Defendant either received payroll checks on a revenue share basis or expense reimbursements. (Joel Silver Decl. ¶ 10, Ex. J., attached to DE 17.) According to Mr. Silver, between 1994 and 1998, Defendant did not have the means to personally fund the cost of the development of "Video Essentials." Rather, Plaintiff paid the costs to develop "Video Essentials." (Silver Decl. ¶ 12.)

In November of 1995, Defendant wrote, in discussing the progress of "Video Essentials:" "One of the big ifs is financing. Joel and I have found it necessary to get creative in coming up with money for this project." (November 15, 1995 fax, Ex. K, attached to DE 17.) Furthermore, in an email correspondence entitled, "Budget for 'Video Essentials,'" Defendant wrote to Mr. Silver: "Van and Casey have gone over the budget and indicated that if I can bring this project in for that price I'll be 1/2 to 1/3 of what they would charge David for the same thing. That's my investment in this project." (Dec. 7, 1997 email, Ex. L, attached to DE 17.)

This evidence does not establish personal jurisdiction over Defendant.

### III. Legal Standard

The plaintiff's burden in alleging personal jurisdiction requires that the plaintiff establish a prima facie case of personal jurisdiction over a nonresident defendant. A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. If by defendant's affidavits or other competent evidence, defendant sustains the burden of challenging plaintiff's allegations, the plaintiff must substantiate the jurisdictional allegations in the complaint by affidavits, testimony or documents. However, where the evidence conflicts, the district court must construe all reasonable inferences in favor of the plaintiff. See Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir.2000); Robinson v. Giarmarco v.Bill, P.C., 74 F.3d 253, 255 (11th Cir.1996) citing Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990).

With respect to specific jurisdiction, the determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. When jurisdiction is based on a federal question under a statute that is silent regarding service of process,[4] Rule 4(e) of the Federal Rules of Civil Procedure requires that assertion of jurisdiction be determined by the state long-arm statute. See Cable/Home, 902 F.2d at 855. If there is a basis for the assertion of personal jurisdiction under the state statute, the Court must next determine whether: (1) sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment and that

---

[4] While subject-matter jurisdiction exists in the district court for copyright violations, there is no service of process provision. See Cable/Home Communication Corp. v. Network Prod., Inc., 902 F.2d 829, 855 (11th Cir. 1990); see also 28 U.S.C. § § 1331, 1338.

(2) maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989).  Only if both prongs of the Due Process analysis are satisfied may this Court exercise personal jurisdiction over a nonresident defendant. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 256 (11th Cir. 1996) citing Madara, 916 F.2d at 1514; International Shoe Co. v. Washington, 326 U.S. at 316.

Minimum contacts for specific jurisdiction involve three criteria:  First, the contacts must be related to the plaintiff's cause of action or have given rise to it.  Second, the contacts must involve some purposeful availment of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws.  Finally, the defendant's contacts within the forum state must be such that it should reasonably anticipate being haled into court there. See Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 631 (11th Cir. 1996).

In order for a court to exercise general jurisdiction in Florida, the contacts must be especially pervasive and substantial to satisfy section two of the Florida long-arm statute § 48.193.  General Cigar Holdings, Inc. v. Altadis S.A., 205 F. Supp. 2d 1335, 1343 (S.D. Fla. 2002); see Florida Statutes.§ 48.193(2).  The general jurisdiction provision of the statute states:

> A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Id.  General jurisdiction arises from a defendant's contacts with Florida that are not directly related to the cause of action being litigated and connexity between a defendant's activities and the cause of action is not required.  Consolidated Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286,

1292 (11th Cir. 2000). The "substantial and not isolated activity" requirement of the long-arm statute has been recognized by Florida courts as the functional equivalent of the continuous and systematic contact requirement for general jurisdiction under the Fourteenth Amendment Due Process Clause as discussed in Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 413-416 (1984); see Woods v. Nova Cos. Belize, Ltd., 739 So.2d 617, 620 (Fla. Dist. Ct. App. 1999); Achievers Unlimited, Inc. v. Nutri Herb, Inc., 710 So.2d 716, 720 (Fla. Dist. Ct. App. 1998). A finding that a defendant's activities satisfy section 48.193(2)'s requirements also necessitates a finding that minimum contacts exist. See Universal Carribean Estab. v. Bard, 543 So.2d 447, 448 (Fla. Dist. Ct. App. 1989). Therefore, the analysis of jurisdiction under section 48.193(2) and the Due Process clause merge.

IV. Discussion

Plaintiff asserts personal jurisdiction over Defendant under the following provisions of the Florida long-arm statute:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193.[5]

---

[5] The Court notes that in the Complaint, Plaintiff originally cited section 48.193(1)(b) and stated Defendant "committed tortious acts within Florida by offering infringing materials for

In asserting personal jurisdiction, Plaintiff points to evidence that Defendant has maintained his fifty percent ownership in the Plaintiff corporation from inception to the current date. Furthermore, Plaintiff relies upon evidence that Defendant has used Plaintiff as his booking agent in procuring consulting work and used Plaintiff's letterhead for promotional purposes. (DE 17 at 15.) Other evidence relied upon by Plaintiff includes the sale of "Video Essentials" and derivative products in Florida (DE 17 at 16) and Defendant's filing of a state court lawsuit seeking dissolution of the Plaintiff corporation in Florida (DE 17 at 17).

With respect to Plaintiff's assertion that Florida Statute § 48.193(1)(a) applies, the Court finds that there is simply no connexity between the business engaged in by Defendant and the claim of copyright infringement. Although Plaintiff claims Defendant, as an individual, engaged in a business by serving as an employee, officer and director of Plaintiff, Plaintiff has adduced no evidence demonstrating that Defendant, as an individual, has engaged in any activity in Florida that constitutes engaging in a business. To begin, the vast majority of evidence submitted by Plaintiff involves acts by Defendant in the 1990s. In fact, the unrefuted evidence demonstrates that Defendant's affiliation with Plaintiff for the past eleven years has been in the role of shareholder, and not as employee, officer or director. Mere investment in a Florida corporation, standing alone, is not a sufficient basis for jurisdiction. Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V., 701 F.2d 889, 893 (11th Cir. 1983) (noting that under earlier Florida statutes, investment by a nonresident was not a sufficient basis for jurisdiction); Uible v.

---

sale and/or selling infringing materials within Florida." (Compl. ¶ 7.) In its response memorandum, Plaintiff cites section 48.193(1)(f)(2). Neither provision is discussed in the response memorandum. The factual record does not support finding personal jurisdiction over Defendant based on either provision.

Landstreet, 392 F.2d 467 (5th Cir.1968) (no jurisdiction over nonresidents who held stock in Florida corporation as investment for profit).[6]

Next, although Plaintiff makes much of the use by Defendant of Plaintiff as a booking agent in procuring consulting work and the use of Plaintiff's letterhead for promotional purposes, neither of these facts advance Plaintiff's claim.  Even putting aside the remoteness of time of this evidence, Plaintiff has failed to demonstrate the necessary connexity required for specific jurisdiction.  Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002) (section 48.193(1) requires connexity between the activities giving rise to personal jurisdiction and the cause of action alleged); Camp Illahee Investors, Inc. v. Blackman, 870 So. 2d 80, 85 (Fla. Dist. Ct. App. 2003) (same).  In other words, these facts bear no relationship to the claim for copyright infringement.

Finally, even assuming that Plaintiff could establish such connexity, Plaintiff has also failed to show that Defendant engaged in any acts in an individual capacity, as opposed to a corporate capacity, that could form the basis of jurisdiction over him.  See Doe v. Thompson, 620 So. 2d 1004, 1006 (Fla. 1993) (the corporate shield doctrine prevents the acts performed in the corporate capacity of a non-resident corporate employee to form the basis of jurisdiction over an employee in an individual capacity).  In contrast, Defendant's declaration states that the time he spent in Florida was in his capacity as an employee of Joe Kane Productions, Inc. (Kane Decl. ¶ 19.)  Significantly, Plaintiff has failed to controvert this statement.  Likewise, although Plaintiff states that "the fact that Video Essentials and the derivative products thereof are currently sold in

---

[6] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

the stream of commerce in Florida is sufficient conduct to assert personal jurisdiction over Defendant" (DE 17 at 16), Plaintiff has failed to demonstrate that Defendant engaged in individual acts that involved distributing or sending materials into Florida. To the contrary, the Videoessentials.com website contains the corporate logo, JKP. In other words, the website provides no indication that Defendant himself makes any sales on the website or markets any products through the use of the website. Put another way, Plaintiff has provided nothing to rebut Defendant's evidence that he has not personally made any sales of "Video Essentials." (Kane Decl. ¶ 16.) For all these reasons, the Court finds that personal jurisdiction cannot be asserted over Defendant pursuant to Florida Statute § 48.193(1)(a).[7]

      Turning next to the minimum contacts analysis, the Court finds that none of the contacts highlighted by Plaintiff relate to the claim for copyright infringement. Furthermore, the limited nature of Defendant's contacts, i.e., fourteen visits to Florida in the past 10 years, are simply too attenuated and random to constitute purposeful availment, nor do they establish that Defendant should have reasonably anticipated being haled into court in Florida. Cf. Conax Florida Corp. v. Astrium Ltd., 499 F. Supp. 2d 1287, 1295 (M.D. Fla. 2007) (the defendant's frequent visits to Florida gave it sufficient minimum contacts with Florida); Pollution Prevention Svcs., Inc. v. InterRecycling, Inc., No. 96-54-CIV-T-17A, 1996 WL 378990, at * 5 (M.D. Fla. July 1, 1996)

---

[7] Plaintiff cites Premier Hotel v. M. Group Resorts, 753 So. 2d 647 (Fla. Dist. Ct. App. 2000) and states that "the fact that Defendant made use of [Plaintiff's] invoice header and press releases promoting the Defendant [which] contained the Florida corporate address gives rise to personal jurisdiction over Defendant." (DE 17 at 15.) Premier Hotel did not, however, create personal jurisdiction over an individual. Instead, it permitted jurisdiction over a corporate entity. Id. at 647. Plaintiff also cites various cases relating to the assertion of personal jurisdiction over nonresident partners. (DE 17 at 15-16). Neither Defendant nor Plaintiff has alleged a partnership. Therefore, the Court will not discuss these cases.

("numerous visits" to Florida is one factor to weigh to determine minimum contacts met).

The Court also finds that the assertion of jurisdiction over Defendant would offend "traditional notions of fair play and substantial justice." In this Circuit, the factors to decide whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice" are: 1) the burden on the defendant in defending the lawsuit; 2) the forum state's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies and 5) the shared interest of the states in furthering fundamental substantive social policies. Cronin v. Washington Nat. Ins. Co., 980 F.2d 663, 671 (11th Cir.1993) citing Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 113 (1987); Madara, 916 F.2d at 1517. Here, Defendant is an individual who resides in the state of California. (Kane Decl. ¶ 2.) Thus, the burden to defend himself in a Florida lawsuit is high. Notably, Plaintiff has failed to identify any facts or make any arguments in support of a finding that the State of Florida has an interest in adjudicating this dispute or that jurisdiction over Defendant would comport with fair play and substantial justice.

Next, the Court will address Plaintiff's assertion of general personal jurisdiction over Defendant. Simply put, Defendant's filing of a lawsuit seeking judicial dissolution of the Plaintiff corporation does not give rise to general personal jurisdiction for the instant action.[8]

---

[8] Plaintiff also points to the lawsuit to support its assertion of specific jurisdiction. The Court rejects Plaintiff's claim that the lawsuit is evidence that Defendant conducts business in the state of Florida. The Court does not believe bringing a lawsuit to dissolve a corporation constitutes conducting a business. In any event, this lawsuit lacks any connexity to the copyright claim and therefore cannot meet the requirement for specific jurisdiction.

The Due Process requirements are much more stringent for general personal jurisdiction than for specific personal jurisdiction because there is no requirement of a connection between the defendant's activities and the cause of action.  Due Process requires a showing of substantial, persistent, continuous, and systematic business contacts between the defendant and the forum state.  Helicopteros, 446 U.S. at 414 nn.8, 9; Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc., 207 F.3d 1351, 1357 n.4 (11th Cir. 2000);  Meier v. Sun International Hotels, Ltd., 288 F.3d 1264, 1274 (11th Cir. 2002); Borg-Warner, 786 F.2d at 1057.  "The substantial connection between a defendant and the forum state must come about by an action of the defendant purposefully directed toward the forum state."  Nida Corp. v. Nida, 118 F. Supp. 2d 1223, 1229 (M.D. Fla. 2000) citing Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cty., 480 U.S. 102, 108-09 (1987).  The defendant's contacts "must be so extensive to be tantamount to [a defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [the forum state's courts] in any litigation arising out of any transaction or occurrence taking place anywhere in the world."  Baker v. Carnival Corp., No. 06-21527-CIV-HUCK, 2006 WL 3360418, at * 2 (S.D. Fla. Nov. 20, 2006) citing Purdue Research Foundation v. Sanofi Synthelabo, S.A., 338 F.3d 773, 787 (7th Cir. 2003)

 Here, the only evidence provided by Plaintiff is the filing of the lawsuit for dissolution.  Of course, "[i]t is the general law of this state that when a plaintiff institutes an action it subjects itself to the jurisdiction of the court and to such lawful orders which are thereafter entered with respect to the subject matter of the action."  Palm Beach Towers, Inc. v. Korn, 400 So. 2d 110, 111 (Fla. Dist. Ct. App. 1981).  Thus, Defendant's filing of a lawsuit would subject to jurisdiction in Florida for the purpose of that lawsuit only.  See Trustees of Columbia University

v. Ocean World, S.A., 12 So. 3d 788, 795 (Fla. Dist. Ct. App. 2009) ("A current defendant's prior decision to bring a suit in Florida should not act indefinitely as a sword of Damocles hanging perilously over the head of that defendant if it later challenges jurisdiction in a separate suit.") quoting Gibbons v. Brown, 716 So.2d 868, 870 (Fla. 1st DCA 1998).  Even considering all the evidence presented by parties, the Court finds that Defendant's contacts with Florida in the past ten years have been limited to 14 visits while in his capacity as an employee of JKP, Inc. (Kane Decl. ¶¶ 18-19.)   This attenuated contact does not meet the test for general jurisdiction. Cf. Exhibit Icons, LLC v. XP Companies, LLC, 609 F. Supp. 2d 1282, 1295-96 (S.D. Fla. 2009) (general jurisdiction established when company had two ten-year contracts with Florida entities, permanent employees, offices and storage facilities in Florida, company's president traveled to Florida in connection with contracts, company ordered product and shipped merchandise to Florida on continuing basis, worked on weekly basis with Florida entity and had bank account in Florida); Achievers Unlimited, Inc. v. Nutri Herb, Inc., 710 So.2d 716, 720 (Fla. Dist. Ct. App.1998) (three-year distribution relationship with a Florida corporation establishes general jurisdiction).

      Finally, the Court rejects Plaintiff's request for an evidentiary hearing.  The decision to conduct an evidentiary hearing is within the district court's discretion.  Cable/Home Comm., 902 F.2d at 855.  Here, there are no material facts in dispute and thus there is no need for an evidentiary hearing.  Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1216 (11th Cir. 2009).

      Given that the Court is granting the motion to dismiss for lack of personal jurisdiction, the Court will not address the claims to dismiss for failure to join a necessary party or the

alternative motion to transfer pursuant to 28 U.S.C. § 1404.

V.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Failure to Join a Necessary Party or in the Alternative Motion to Transfer Pursuant to 28 U.S.C. § 1404 (DE 5) is **GRANTED IN PART AND DENIED AS MOOT IN PART**.  The motion to dismiss for lack of personal jurisdiction is granted.  The motion to dismiss for failure to join a necessary party and alternative motion to transfer are denied as moot.  The Court will separately issue judgment for Defendant.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of May, 2010.

_____
KENNETH A.  MARRA
United States District Judge